UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                           Case No. 8:12-cr-296-T-33TGW

JIMMY SAMIR MENDOZA-VALLE
_____/

**ORDER**

This matter comes before the Court pursuant to the Motion by the United States for Inquiry into Conflict of Interest (Doc. # 10), which was filed on July 25, 2012. Mendoza-Valle filed a Response to Government's Motion for Inquiry/ Disqualification (Doc. # 18) and a Memorandum Against Disqualification (Doc. # 24) on August 2, 2012, and August 10, 2012, respectively. For the reasons that follow, the Court disqualifies counsel for Mendoza-Valle.

**I. Background**

Mendoza-Valle is charged with perjury and obstruction of justice in a two-count indictment returned on July 18, 2012 (Doc. # 8). These charges stem from Mendoza-Valle's allegedly false testimony and introduction into evidence of an allegedly false birth certificate during an evidentiary hearing before the Honorable James S. Moody, Jr. The evidentiary hearing, held on June 4, 2012, pertained to a motion to dismiss the indictment as to Mendoza-Valle, who was a defendant in a prior

federal criminal case prosecuted in the Middle District of Florida. United States v. Puerto-Ortiz et al., Case No. 8:11-cr-631-T-30MAP.

During the hearing, Mendoza-Valle was represented by attorney Joseph Hovsepian. Hovsepian elicited from Mendoza-Valle the portion of testimony that is subject to Mendoza-Valle's perjury charge and moved into evidence the birth certificate that forms the basis of the obstruction of justice charge. See Case No. 8:11-cr-631-T-30MAP, Doc. # 365 at 9 ("MR. HOVSEPIAN: . . . if the [birth certificate] tendered does not suffice . . . , then I would have him testify to his age."). As a result, the United States sought the Court's inquiry into a potential conflict of interest regarding Hovsepian's representation of Mendoza-Valle in the current matter. This Court held a hearing on August 9, 2012, to assess the potential conflict and ordered further briefing (Doc. # 21).

## II. Discussion

The Sixth Amendment to the U.S. Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. CONST. amend. VI. In instances where the constitutional right to counsel applies, the Sixth Amendment

implies "'a correlative right to representation that is free from conflicts of interest.'" United States v. Mounier, 307 F. App'x 379, 380 (11th Cir. 2009), quoting Wood v. Georgia, 450 U.S. 261, 271 (1981). Additionally, although the Sixth Amendment comprehends "the right to select and be represented by one's preferred attorney . . . , the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." Wheat v. United States, 486 U.S. 153, 159 (1988).

Mendoza-Valle maintains that, because Hovsepian is not currently under investigation for any criminal activity relating to Mendoza-Valle's charges of perjury and obstruction of justice, no conflict of interest exists. Nevertheless, during the hearing on August 9, 2012, Assistant United States Attorney Matthew Jackson stated that Hovsepian is a "potential subject and target" of an investigation (Doc. # 21). This statement is relevant because the discretion of the Court to disqualify counsel for a conflict of interest is not limited to instances of actual conflict. See Wheat, 486 U.S. at 163 ("The district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before

3

trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses."). Furthermore, although Mendoza-Valle apparently wishes to waive any conflict of interest that may potentially exist, his Sixth Amendment right to a defense conducted by an attorney who is free of conflicts of interest outweighs his qualified right to be represented by counsel of his choice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Hovsepian is disqualified from representing Mendoza-Valle. If Mendoza-Valle fails to retain new counsel by August 31, 2012, new counsel will be appointed by the Magistrate Judge.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of August 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies: All Counsel of Record